IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAIDLAW CAPITAL INVESTMENTS,
LLC, et al.,

     Plaintiffs,

        v.

ATHENE ANNUITY AND LIFE
COMPANY, et al.,

     Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-6420-TWT

## OPINION AND ORDER

This is a wrongful foreclosure case. It is before the Court on Defendants

Athene Annuity and Life Company ("Athene"), Select Portfolio Servicing, LLC

("SPS"), and AAIA RML, LLC's ("AAIA") Motion to Dismiss [Doc. 7]. For the

reasons set forth below, the Court GRANTS in part and DENIES in part

Defendants AALC, SPS, and AAIA's Motion to Dismiss [Doc. 7].

### I.   Background[1]

This case arises from a dispute over real property located at 2065 Detroit

Avenue NW, Atlanta, Georgia 30314 (the "Property"). In 2022, Plaintiff

Laidlaw Capital Investments, LLC ("Laidlaw") obtained a mortgage for

$199,500 to purchase the Property. (1st Am. Compl. ¶ 11 [Doc. 5].) To secure

the loan, Laidlaw executed a promissory note and security deed, which was

---

[1] The Court accepts the facts as alleged in the First Amended Complaint
as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs.
Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

later assigned to Defendant Athene Annuity and Life Company. (*Id.* ¶¶ 11, 13, 20.) In August 2024, Laidlaw stopped repaying the loan. (*Id.*) A few months later, it received notice that the Property was scheduled for foreclosure, with the sale to occur a few weeks before Laidlaw had planned to close on a sale of the Property for $207,000. (*Id.* ¶¶ 22–23.) Defendant AAIA RML, LLC purchased the Property for $188,501, in advance of Laidlaw's planned closing date. (*Id.* ¶ 25.) Plaintiff Candis Conley, a member of Laidlaw, lived on the property with her father and lost her home due to the foreclosure sale. (*Id.* ¶ 45.)

Plaintiffs Laidlaw and Conley subsequently sued the assignee on its security deed (Athene Annuity and Life Company), Athene's mortgage servicer (Select Portfolio Servicing, LLC), and the foreclosure buyer (AAIA RML, LLC). They request declaratory and injunctive relief as well as compensatory damages of $18,499, the difference between the foreclosure price and the prospective contract price. (*Id.* at 11–12; *see also id.* ¶ 26 (calculating damages).) The Complaint asserts six claims: (1) wrongful foreclosure against Athene and SPS; (2) breach of contract against Athene and SPS; (3) a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, against SPS; (4) a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, against SPS; (5) equitable recession against all Defendants; and (6) declaratory judgment against all Defendants.

2

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute. Fed. R. Civ. P. 12(b)(1). Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1261 (quotation marks, citation, and brackets omitted). On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. May 1981). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Garcia*, 104 F.3d at 1261 (quotation marks omitted). On a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Scarfo v. Ginsberg*, 175 F.3d 957, 960–61 (11th Cir. 1999) (quotation marks and citation omitted).

A complaint should be dismissed under Rule 12(b)(6) only where it

appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that, at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.   Discussion

### A. Plaintiff Conley's Standing

The Defendants seek dismissal of Plaintiff Conley as a party to this suit, which the Court construes as a challenge to Conley's Article III standing. They

argue that Conley "was not a party to the Security Deed and signed the Security Deed only in her capacity as a member of Laidlaw." (Br. in Supp. of Defs.' Mot. to Dismiss, at 7–8 [Doc. 7].) While they acknowledge that Conley lived at the Property, they argue that the Plaintiffs never alleged "any ownership interest in the Property." (*Id.* at 8.)

Standing is a threshold jurisdictional issue that the Court must address before all other issues. *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019) (quoting *Bochese v. Town of Ponce Inlet*, 405 f.3d 964, 974 (11th Cir. 2005)). Article III extends the judicial power of federal courts only to "cases" and "controversies" between parties. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. Const. art. III, §§ 1–2). To ensure that federal courts adjudicate only "cases" and "controversies," the Plaintiffs must establish (1) an injury in fact, (2) causation, and (3) redressability. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

Plaintiff Conley satisfies the requirements of Article III standing. The Defendants are correct that Conley does not allege nor otherwise have an ownership interest in the Property. O.C.G.A. § 14-11-501(a); *Heart v. GMAC*

5

*Mortg., LLC*, 2013 WL 12109765, at *3 (N.D. Ga. July 19, 2013); *Collie Concessions, Inc. v. Bruce*, 272 Ga. App. 578, 582 (2005) ("[A] member of a limited liability company does not own property owned by the LLC."). However, while an ownership interest in property constitutes a legally protected interest for injury-in-fact purposes, a possessory interest also does. *Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006); *United States v. ADT Sec. Servs., Inc.*, 522 Fed. App'x 480, 489 ("Ownership is not required for Article III standing; a possessory interest will suffice."). The Complaint alleges that Conley held a possessory interest in the Property, alleging that she lived in the house with her father. (1st Am. Compl. ¶ 45.) Therefore, the Court denies the Defendants' Motion to Dismiss as to Plaintiff Conley's Article III standing.

## B. Real Estate Settlement Procedures Act (Count III)

Laidlaw allegedly requested in writing and over the course of several months that Defendant SPS "correct . . . [its] servicing errors" (related to charging the default interest rate) and "assign [ ] a Relationship Manager." (1st Am. Compl. ¶¶ 14–18, 24.) According to the Complaint, SPS violated the Real Estate Settlement Procedures Act ("RESPA") because it "failed to respond to those requests adequately, did not assign a Relationship Manger, and continued to apply default interest despite assurances that it would be removed." (*Id.* ¶ 43.)

Congress enacted the Real Estate Settlement Procedures Act to "insure

that consumers . . . are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601. It exempts from coverage "extensions of credit . . . primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(a)(1); 12 C.F.R. § 1024.5(b)(2). RESPA does not define "consumer" nor "business purpose." However, the statute instructs that the business purpose exemption "shall be the same as the exemption for such credit transactions under [the Truth in Lending Act ("TILA"), 15 U.S.C. § 1603(a)]." 12 U.S.C. § 2606(b). The Defendants seek dismissal under this business purpose exemption, arguing that "[t]he loan at issue was made to a Georgia corporation" and thus was not a consumer loan. (Br. in Supp. of Defs.' Mot. to Dismiss, at 7 (citing 12 C.F.R. § 1024.5).)

The Court dismisses the RESPA claim, finding that the business purpose exemption applies. The Complaint alleges that Laidlaw Capital Investments, LLC, "acquired" the Property and took out a loan in its name to do so. (1st Am. Compl. ¶ 11.) Conley did not take out the loan or execute any loan documents in her personal capacity, only in her capacity as a member of Laidlaw. (*Id.* ¶ 12.) Laidlaw allegedly used the property to "provide housing to veterans, including [Conley's] father" and to house Conley herself. (*Id.* ¶ 45.) According to the promissory note, Laidlaw also "state[d] that the proceeds of

7

this Note will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for agricultural, personal, family, or household purposes." (Br. in Supp. of Defs.' Mot. to Dismiss, Ex. A ("Promissory Note") ¶ O.[2]) Accepting these facts as true, the Court finds that Laidlaw took out the loan for primarily a business purpose. The fact that the Property was residential in nature and that Conley was one person living on it are not enough to transform the apparent nature of the commercial loan. *See Cocchia v. LendingHome Funding Corp.*, 2020 WL 1879223, at \*3 (W.D. Tex. Apr. 15, 2020) (dismissing a RESPA claim under the business purpose exemption because an LLC purchased the property for apparent rental purposes, though the plaintiff alleged it became her residence).[3]

## C. Fair Debt Collection Practices Act (Count IV)

The Complaint alleges that "SPS used misleading representations to

---

[2] A copy of the promissory note was presented to the Court as an attachment to the Defendants' motion. Courts ordinarily cannot consider a document outside the pleadings on a motion to dismiss. Fed. R. Civ. P. 12(d). However, the Eleventh Circuit has held that courts may do so if the document is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Here, the promissory note is obviously central to the Plaintiffs' claims, and neither party disputes its authenticity.

[3] *See also Hull v. Spalding*, 2025 WL 2271995, at \*3 (N.D. Ga. Apr. 10, 2025) (dismissing an FDCPA claim because the loan was taken out by an LLC, suggesting a business purpose); *Peek v. Clear Sky Fin., LLC*, 2024 WL 4932059, at \*6–7 (D.D.C. Dec. 2, 2024) (holding, on a motion for a temporary restraining order, that the plaintiff was unlikely to succeed on his consumer protection claims, including a RESPA claim, because the loan taken out by Peek, LLC was commercial in nature).

induce foreclosure while a dispute was pending, including misrepresentations about the default status of the loan." (1st Am. Compl. ¶ 50.) It alleges that this conduct violates the Fair Debt Collection Practices Act, presumably under 15 U.S.C. § 1692e. (*Id.* ¶ 53.)

Congress enacted the Fair Debt Collection Practices Act to protect "consumers" from "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. Section 1692e prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. The statute defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3). And it defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* § 1692a(5). The Defendants argue that the Plaintiffs' FDCPA claim fails because the loan at issue was not one made out to a "consumer." (Br. in Supp. of Defs.' Mot. to Dismiss, at 7.)

While the Defendants do themselves no favors by failing to cite any case law, the Court holds that dismissal of the FDCPA claim is appropriate. First, Plaintiff Conley was not personally "obligated to pay any debt" because Laidlaw owed the debt. She therefore does not qualify as a "consumer" as defined by the FDCPA. *See Johnson v. Ocwen Loan Servicing*, 374 Fed. App'x

9

868, 874 (11th Cir. 2010) (affirming the dismissal of an FDCPA claim where the plaintiff was not "obligated to pay any debt" and thus was not a "consumer" within the statute's "zone of interests"); *Solis v. CitiMortgage, Inc.*, 2016 WL 9632879, at *4 (S.D. Fla. Oct. 28, 2016). Second, Laidlaw is not a "natural person" under the definition of "consumer," nor can the "debt" in Laidlaw's name be characterized as an "obligation of a consumer" for non-business reasons. *See* 15 U.S.C. §§ 1692a(3), 1692a(5). Thus, the Complaint fails to allege a viable FDCPA claim.

## D. Remand to State Court

The Defendants removed this case to federal court under federal question jurisdiction, pointing to the Plaintiffs' RESPA and FDCPA claims. (Notice of Removal ¶¶ 4–5 [Doc. 1].) Having now dismissed those federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). The Plaintiffs' state law claims are hereby remanded to the Superior Court of Fulton County.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS in part and DENIES

in part Defendants Athene Annuity and Life Company, Select Portfolio Servicing, LLC, and AAIA RML, LLC's Motion to Dismiss [Doc. 7]. The Motion is GRANTED as to the Real Estate Settlement Procedures Act (Count III) and Fair Debt Collection Practices Act (Count IV) and DENIED as to Plaintiff Candis Conley's Article III standing. The Court DECLINES to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims (Counts I–II, V–VI). The remaining state law claims are herreby REMANDED to the Superior Court of Fulton County.

SO ORDERED, this ___6th___ day of August, 2026.

THOMAS W. THRASH, JR.
United States District Judge

11